IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02008-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DAVID JAMES HANSON,

NOV 1 8 2009

     Applicant,

GREGORY C. LANGHAM
CLERK

v.

ARISTEDES W. ZAVARAS, Executive Director CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER OF DISMISSAL

     Applicant David James Hanson is a prisoner in the custody of the Colorado
Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.
Mr. Hanson, acting *pro se*, initiated this action by filing an Application for a Writ of
Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on September 18,
2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer
Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C.
§ 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if
Respondents intend to raise either or both of those affirmative defenses in this action.
On September 28, 2009, Respondents filed their Pre-Answer. Mr. Hanson filed a Reply
on October 15, 2009.

The Court must construe liberally the Application and the Reply because Mr. Hanson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Hanson asserts that he was convicted by a judge of sex assault on a child in a position of trust in the Adams County District Court in Case No. 05CR3708 and was sentenced to four years to life of incarceration. He further asserts that he has filed three postconviction motions, two of which are pending in state court. (Application at 4.) Respondents assert in the Pre-Answer Response that Mr. Hanson filed a Colo. R. Crim. P. 35(b) postconviction motion on February 28, 2007, that was denied on June 4, 2008. (Pre-Answer Resp. at 2.) Respondents also assert that Mr. Hanson filed his first Colo. R. Crim. P. 35(c) postconviction motion on July 24, 2008, and his second Rule 35(c) motion on April 1, 2009. It appears that both Rule 35(c) motions are pending in state court.

Mr. Hanson asserts two claims for relief in the Application. Respondents concede in the Pre-Answer Response that Mr. Hanson's Application is timely, but they argue that Mr. Hanson has not fairly presented Claim One to any state appellate court, and even though Claim Two is unintelligible, Mr. Hanson concedes that he has not presented Claim Two to a state court because it is not appropriate for state review. In his Reply, Mr. Hanson sets forth several arguments for not having to comply with the

2

state court exhaustion requirements. Overall, Mr. Hanson appears to argue that he is exempt from the requirement of exhaustion of his claims in state court because (1) the Supreme Court has divested power to this Court to hear matters of commerce between foreign powers and the several states; (2) he is a "Foreign Neutral; " and (3) the Colorado courts are limited in authority by the fact that the State is organized as a corporation and cannot decide matters pertaining to an "unenfranchised" individual. (Reply at 2-3.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

3

to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Exhaustion of state court remedies is not required "when the prisoner has no adequate remedy such that exhaustion would be futile." *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *see* 28 U.S.C. § 2254(b)(1)(B). "An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *See Duckworth v. Serrano* , 454 U.S. 1, 3 (1981). Mr. Hanson fails to assert that there is no opportunity to obtain redress in state court or that his opportunity to redress his claims in state court is so clearly deficient that he would not be able to attempt any effort to obtain the relief he seeks. The Court, therefore, will dismiss the action without prejudice for failure to exhaust state remedies.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this _11_ day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02008-BNB

David James Hanson
Prisoner No.  134186
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 11 18 09

                                    GREGORY C. LANGHAM, CLERK


                              By: _____
                                          Deputy Clerk